# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS A. GIBBS, | ) | 1:07-cv-01563-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DENY WITHOUT PREJUDICE |
| v. | ) | RESPONDENT'S MOTION TO DISMISS |
| | ) | (Doc. 9) |
| | ) | |
| D. SMITH, | ) | ORDER DIRECTING OBJECTIONS TO BE |
| | ) | FILED WITHIN FIFTEEN DAYS |
| Respondent. | ) | |
| | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO AMEND CAPTION (Doc. 16) |
| | | |
| | | ORDER DIRECTING CLERK TO SUBSTITUTE THE NAME OF "J. E. THOMAS" FOR "D. SMITH" IN THE CAPTION |

**PROCEDURAL HISTORY**

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant federal petition for writ of habeas corpus was filed on October 1, 2007. On December 3, 2007, the Court ordered Respondent to file a response. (Doc. 6). On January 30, 2008, in lieu of an answer, Respondent filed the instant motion to dismiss the petition for lack of jurisdiction, contending that because Petitioner was convicted by a court-martial, the Court's jurisdiction is limited to determining whether Petitioner received a "full and fair" consideration of his claims in the military courts, which, Respondent contends, is evident from the present record. (Doc. 9). Petitioner did not oppose Respondent's motion.

1

On July 22, 2008, Petitioner moved to substitute the name of his present warden for the previous one. (Doc. 16).

**DISCUSSION**

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.[1] The United States Court of Appeals for the Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u> <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on the contention that the Court lacks jurisdiction to consider the merits of the petition because it challenges a conviction resulting from a court-martial, and that all the Court can do is determine whether Petitioner received a full and fair hearing on the issues, something Respondent contends is apparent from the record. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

B. <u>Allegations In the Petition</u>

Petitioner alleges that he was convicted at a court-martial held at Camp Lejeune, North Carolina, of one count of murder (10 U.S.C. § 918), on December 13, 1990, and sentenced to life

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. <u>See</u> Rule 1 of the Rules Governing Section 2254 Cases. Rule 81(a) of the Federal Rules of Civil Procedure provides in relevant part that "[t]hese rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not set forth in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases." Fed. R. Civ. P. 81(a)(4)(A).

imprisonment. (Doc. 1, p. 2). Petitioner alleges that he appealed to the Navy-Marine Corps Court of Military Review, raising twelve grounds for relief, and later appealed to the United States Court of Military Appeals, again raising twelve grounds for relief. (Id.). The appeal was rejected at the highest level on January 26, 1994. (Id.).

Petitioner further alleges three grounds for relief: (1) the prison warden lacks jurisdiction over Petitioner because his dishonorable discharge form was improper, thus violating the Administrative Procedure Act; (2) Petitioner was denied a fair jury, in violation of 10 U.S.C. § 825, because one member of the jury withheld during voir dire that he had previously had prejudicial conversations with others regarding Petitioner's case; and (3) gross misconduct by the prosecution in violation of the due process clause of the Fourteenth Amendment. (Doc. 1, p. 3).

C. Jurisdiction to Review Court-Martial

With the exception of the United States Supreme Court's limited certiorari jurisdiction, Article III courts lack authority to review court-martial determinations directly. Schlesinger v. Councilman, 420 U.S. 738, 746, 95 S. Ct. 1300 (1975). Such determinations must, however, be consistent with the Constitution and within the authority of the court-martial; they are thus collaterally reviewable for constitutional or jurisdictional error. Id. at 746-748; Davis v. Marsh, 876 F.2d 1446, 1448 (9th Cir. 1989); Hatheway v. Secretary of the Army, 641 F.2d 1376, 1380 (9th Cir. 1981), abrogated on other grounds by High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F. 2d 563 (9th Cir. 1990).

On collateral review, the federal civil courts have limited authority to review court-martial proceedings. Burns v. Wilson, 346 U.S. 137, 139, 73 S. Ct. 1045 (1953). If the grounds for relief that a petitioner raised in the district court were fully and fairly reviewed in the military courts, then the district court is proper in not considering those issues. Burns, 346 U.S. at 144; see also Lips v. Commandant, United States Disciplinary Barracks, 997 F. 2d 808, 811 (10th Cir. 1993). Likewise, if a ground for relief was not raised in the military courts, then the district court must deem that ground waived. Davis, 876 F.2d at 1448. The only exception to the waiver rule is that a petitioner may obtain relief by showing cause and actual prejudice. Id; see Engle v. Isaac, 456 U.S. 107, 124-129, 102 S. Ct. 1558 (1982); Wainwright v. Sykes, 433 U.S. 72, 86-91, 97 S. Ct. 2497 (1977).

3

In <u>Burns</u>, the Supreme Court reviewed court-martial death sentences allegedly based on coerced confessions and "an atmosphere of terror and vengeance," and through a four-justice plurality, described military habeas as follows: "It is the limited function of the civil courts to determine whether the military have given fair consideration" to each claim raised by petitioners. <u>Burns</u>, 346 U.S. at 144.  As to factfinding, the plurality said that Article III courts should not be in the business of "reexamin[ing] and reweigh[ing] each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus." <u>Id.</u>

The plurality concluded that the petitioners had failed to show that the military review process was "legally inadequate" to resolve their constitutional claims and affirmed. <u>Burns</u>, 346 U.S. at 146.  In setting out this standard, the plurality explained that the Court must be at least as deferential as it is in the civilian habeas context, for in "military habeas corpus cases themselves, *even more than in state habeas corpus cases*, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings–of the fair determinations of the military tribunals after all military remedies have been exhausted." <u>Id.</u> at 142 (emphasis in original).

Respondent, recognizing the aforementioned limitations on federal collateral review of courts-martial, contends that this Court should conclude, from the present record, that Petitioner has received a full and fair consideration of his issues in the military courts, and that such limited review, under <u>Burns</u>, is all the review to which Petitioner is entitled.  (Doc. 9, p. 2).  Respondent argues that Petitioner has acknowledged that his case was reviewed by both the Navy-Marine Corps Court of Military Review and the United States Court of Military Appeal, each reviewing "the twelve issues he raised concerning his conviction."  (<u>Id.</u>).  Moreover, Respondent contends, Petitioner "has not alleged that this review was in any way incomplete, ineffective, or unfair." (<u>Id.</u>).  Since this Court's jurisdiction is limited to the threshold inquiry of whether the military courts fully and fairly reviewed Petitioner's claims, Respondent concludes that no further review is either warranted or authorized. (<u>Id.</u>).  Accordingly, Respondent requests dismissal of the petition since the Court lacks jurisdiction to further review the merits of Petitioner's claims.  (<u>Id.</u>, p. 3).

///

///

4

1    The Court disagrees with Respondent that, based on the present state of the record, it can
2 conduct a proper analysis under Burns.  Therefore, Respondent's motion to dismiss should be denied
3 at this time.

4    While it is true that Petitioner alleges he raised twelve claims in each of his two military
5 appeals, nowhere in the present record is there any evidence that those twelve claims included the
6 claims raised in the instant federal petition.[2]  Obviously, as mentioned previously, if the claims in the
7 petition were not raised on appeal to the military courts, then Petitioner has waived those claims in
8 these proceedings.  Davis, 876 F.2d at 1448.  However, that is not a determination that the Court can
9 make at this time since the record is devoid of any information regarding what twelve claims
10 Petitioner raised in his military appeal.  Nor is there any transcript or copy of the military appeals'
11 courts decisions regarding those claims.  Accordingly, the Court is not presently in a position to
12 apply Burns and determine whether the military appellate courts fully and fairly considered
13 Petitioner's claims, thus precluding further collateral review.  Neither, on the basis of the present
14 scant record, can the Court conclude that Petitioner has waived the claims in the petition by failing to
15 raise them in the military courts.

16   In other words, absent further evidence on which to conduct a Burns inquiry, this Court has
17 an insufficient record on which to address Respondent's motion to dismiss.  Accordingly, the motion
18 to dismiss should be denied without prejudice to Respondent filing a renewed motion to dismiss, or
19 an answer, accompanied by a more complete record, e.g., the decisions of the military appellate
20 courts,  copies of briefs raising Petitioner's issues, etc., sufficient for this Court to conduct the
21 limited review mandated in this type of case.

22   D. Motion to Amend Caption

23   On February 7, 2008, Petitioner notified the Court that he had been transferred to a federal
24 prison facility in Sheridan, Oregon.  (Doc. 10).  Subsequently, in a motion to amend the caption filed
25 on July 22, 2008, Petitioner requests that the Court change the name of Respondent to reflect the

---

[2] In referencing his twelve grounds for appeal in the military courts, Petitioner indicates in the petition, "see attachment." (Doc. 1, p. 2). However, after conducting a thorough search of the Court's electronic and paper files, the Court has not been able to locate any such attachment.  Thus, although Petitioner may have intended to include with his petition documents from his military appeal that describe the issues he raised in those courts, such documents were not made part of the present record.

5

Warden of Petitioner's present institution of incarceration.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> also <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Therefore, Petitioner's request is proper and will be granted.  The Clerk of the Court will be directed to substitute the name of Petitioner's present warden, "J. E. Thomas," for the previous warden, "D. Smith."

### ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner's motion to amend the caption (Doc. 16), is GRANTED; and,
2. The Clerk of the Court is DIRECTED to SUBSTITUTE the name of "J. E. Thomas, Warden," for that of "D. Smith," as the named Respondent in this action.

### RECOMMENDATIONS

For the reasons stated above, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 9), be DENIED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 7, 2008**                                                    **/s/ Theresa A. Goldner**
                                                                              UNITED STATES MAGISTRATE JUDGE