# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS A. GIBBS, | 1:07-cv-01563-AWI-BAK-GSA HC |
| Petitioner, | ORDER REQUIRING RESPONDENT TO SUBMIT ANSWER ADDRESSING MERITS OF PETITION |
| v. | |
| D. SMITH, | SIXTY DAY DEADLINE |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 3, 2007, the Court ordered Respondent to file a response to the petition. (Doc. 6). On January 30, 2008, Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Doc. 9). On August 8, 2008, the Court issued Findings and Recommendations to deny Respondent's motion to dismiss. (Doc. 17). On September 11, 2008, the Court adopted the Magistrate Judge's Findings and Recommendations and referred the matter back to the Magistrate Judge for further proceedings. (Doc. 19). The Court now orders Respondent to file a response to the merits of the petition, for the reasons set forth below.

Writ of habeas corpus relief extends to a person in custody under the authority of the United

States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

In this case, Petitioner contends that he is a Title 10 military prisoner in federal custody of the Bureau of Prisons, that he was convicted by a military court in 1990 and is serving a life sentence, that Respondent lacks jurisdiction over him because of the wrongful manner in which he was discharged from military service, and that his conviction before the military court was obtained through fraud and prosecutorial misconduct that violated his right to due process under the Fourteenth Amendment.  (Doc. 1, pp. 2-3).   To the extent that Petitioner challenges jurisdiction of Respondent to keep him incarcerated, he would appear to be challenging the execution of his sentence rather than the imposition of that sentence.  Thus, his petition is proper under 28 U.S.C. § 2241. However, to the extent that he is challenging the underlying military tribunal's conviction, he would be challenging the fact of his conviction, not the manner of its execution, and habeas relief would be inappropriate, except under very limited circumstances..  Because Petitioner is currently incarcerated at the United States Penitentiary, Atwater, California, and that facility is within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

///

///

///

**ORDER**

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1.      Respondent SHALL FILE an ANSWER addressing the merits of the Petition within **SIXTY (60)** days of the date of service of this order.[2] Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.[3]  Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution[4] may wish to respond on separate issues raised in the Petition. However, the Court will accept only one (1) "Answer."  Such Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Petition, whether formulated by Counsel for the Government or the Institution.

2.      Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

All motions shall be submitted on the record and briefs filed without oral argument unless

---

[1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[2]The fact that Respondent's prior motion to dismiss for lack of jurisdiction was denied does not foreclose Respondent from filing a subsequent motion to dismiss on the same grounds.  The prior motion was denied because the record was insufficient for the Court to conduct the required legal analysis regarding jurisdiction, as indicated in the Magistrate Judge's Findings and Recommendations.  Such a ruling, however, was without prejudice and does not preclude Respondent from filing a subsequent motion to dismiss, accompanied, of course, by a record sufficient for the Court to conduct the required analysis.

[3]In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case.  This includes any *internal* prison policies of which a prisoner complains and is subject to.

[4]Counsel for the "Institution" means, where applicable, private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

1  otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

2  applicable to this order.

3

4      IT IS SO ORDERED.

5    **Dated:** __**November 5, 2009**__          _____/s/ **Gary S. Austin**_____
6                                                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28