UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS A. GIBBS, | ) | 1:07-cv—01563-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR DEFAULT JUDGMENT (Doc. 44) |
| v. | ) | |
| | ) | |
| J. E. THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

    Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on November 7, 2007, and on behalf of Respondent on June 9, 2010.

    Pending before the Court is Petitioner's motion to have Respondent concede or "forfeit" the petition for delay in filing a response, which the Court understands to be a motion for

1

default judgment. The motion was filed on August 10, 2010; no opposition has been filed.

This Court has the inherent power to control its docket and the disposition of its cases with economy of time and effort for both the Court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992). In light of all the proceedings in this case, including the ruling and the materials submitted in connection with the recent motion for an extension of time, the Court exercises its discretion to consider Petitioner's motion for a default judgment without requiring or considering any opposition.

Although Respondent has not yet filed a response to the petition, the Court by order filed and served on August 10, 2010, granted Respondent an extension of thirty (30) days to file the response. Thus, the Court has not determined that there has been a failure to file a timely response.

Further, the Respondent's previous filing in January 2008 of a motion to dismiss instead of an answer was appropriate and was authorized by the Court's order directing the filing of a response. It is established that the filing of a motion to dismiss is authorized by Rule 4 of the Rules Governing Section 2254 Cases in the District Courts. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments

Finally, in any event, a petitioner is not entitled to a default judgment where a respondent fails to respond to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner

unless he is in custody in violation of the Constitution, laws, or treaties of the United States.  Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require.  It is established that it is the petitioner's burden to show that he is in custody in violation of the laws of the United States. Miller-El v. Cockrell, 537 U.S. 322, 358 n. 3 (2003).  A failure by a respondent to comply timely with the deadlines set by the Court does not relieve a petitioner of this burden of proof or entitle him to entry of a default or a default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (no entitlement to default judgment because of an untimely response); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (late filing of a motion to dismiss did not entitle a petitioner to entry of default); Bermudez v. Reid, 733 F.2d 18, 21 (2nd Cir. 1984) (late filing of an answer did not justify default judgment).

Accordingly, pursuant to the foregoing analysis, Petitioner's motion for default judgment is DENIED.

IT IS SO ORDERED.

**Dated:   August 12, 2010**                    /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE