UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS A. GIBBS, | ) | 1:07-cv–01563-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISREGARDING PETITIONER'S |
| | ) | PURPORTED WITHDRAWAL OF CONSENT |
| | ) | TO MAGISTRATE JUDGE JURISDICTION |
| v. | ) | WITHOUT PREJUDICE TO FILING A |
| | ) | MOTION |
| J. E. THOMAS, | ) | (Doc. 48) |
| | ) | |
| Respondent. | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR SANCTIONS (Doc. 47) |

Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on November 7, 2007, and on behalf of Respondent on June 9, 2010. Pending before the Court are Petitioner's purported withdrawal of consent and motion for charges of misconduct.

1

I.  <u>Disregard of Petitioner's Purported Withdrawal of Consent</u>

On August 24, 2010, Petitioner filed a document in which he purported to withdraw his consent to the jurisdiction of the Magistrate Judge in this action in order to have oversight by the District Judge and to avoid a risk of delay.  (Doc. 48, 1-2.) Petitioner did not set forth any showing of good cause or extraordinary circumstances.

A habeas corpus proceeding is an original civil proceeding. <u>Woodford v. Ngo</u>, 548 U.S. 81, 91 (2006).  Title 28 U.S.C. § 636(c) provides for the parties to consent to Magistrate Judge jurisdiction in civil matters.  Section 636(c)(4) provides that the Court may, for good cause shown on its own motion, or under extraordinary circumstances shown by a party, vacate a reference of a civil matter to a Magistrate Judge. Fed. R. Civ. P. 73(b)(3) likewise provides that on its own for good cause, or when a party shows extraordinary circumstances, a District Judge may vacate a referral to a Magistrate Judge.  Thus, it is established that once a case is referred to a Magistrate Judge under § 636(c), the reference can be withdrawn by the Court only for good cause shown on its own motion, or upon a party's showing of extraordinary circumstances.  <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993).  However, where no motion is made to vacate the referral of the case due to extraordinary circumstances, and the Court does not sua sponte find good cause, it is correct for a Magistrate Judge to continue to proceed in a case.  <u>Id.</u>

Accordingly, the Court DISREGARDS Petitioner's purported withdrawal of consent, without prejudice to Petitioner's filing a

2

motion to withdraw consent and vacate the referral of the case to the Magistrate Judge.

## II. Motion for Sanctions

On August 13, 2010, Petitioner filed a motion entitled as a motion for charges of misconduct with respect to named attorneys who represent Respondent or have represented Respondent earlier in the action. (Doc. 47.) The Court understands this motion to be a motion for sanctions against the named attorneys. Respondent was sent electronic notification of the filing of the motion on August 13, 2010. The time for filing opposition to the motion has passed, and Respondent has not filed opposition or notice of non-opposition to the motion.

The grounds of the motion are criminal delay and neglect of duty with respect to obtaining the record in this action.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court, federal statute, and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991). Further, sanctions may be warranted when there has been conduct that is reckless or in bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478-80 (9th Cir. 1989); New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989).

Here, the Court has previously considered the conduct of Respondent in connection with preparation of the record. (Order granting extension of time filed August 10, 2010 [doc. 43].) Although there was delay in procuring the record, the Court finds that no recklessness, bad faith, or other basis for sanctions has

3

1  been demonstrated.  The Court is mindful that record preparation
2  in this action has required the cooperation of the military
3  authorities.  Further, Respondent has procured the record and has
4  filed a motion to dismiss.
5      Accordingly, the motion for sanctions is DENIED.

7  IT IS SO ORDERED.
8  **Dated:    September 15, 2010**              /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE