UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS A. GIBBS, | ) | 1:07-cv—01563-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER STRIKING PETITIONER'S |
| | ) | OBJECTIONS AND OPPOSITION |
| | ) | (Doc. 56) |
| v. | ) | |
| | ) | ORDER DENYING AS MOOT |
| J. E. THOMAS, | ) | PETITIONER'S REQUEST FOR LEAVE TO |
| | ) | FILE A NOTICE OF APPEAL (Doc. 56) |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner who proceeded pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment. This Court dismissed in part and denied in part the habeas petition by order and judgment filed on November 18, 2010. (Docs. 54-55.)

Pending before the Court is a document filed by Petitioner on December 17, 2010, entitled "OBJECTION AND OPPOSITION TO" the Court's dispositive order. Petitioner filed the document without any request for permission to file an unauthorized pleading. In the objection and opposition, Petitioner restates his arguments

1

concerning the merits of the petition.  (Doc. 56, 1-13.)

I.   Striking Petitioner's Objections and Opposition

Fed. R. Civ. P. 12(f) provides as follows:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>
>> 1) on its own; or
>>
>> 2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court.  Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 143 F.R.D. 189, 191 (N.D. Ill. 1992).

The authorized pleadings in a habeas corpus proceeding are the petition, the answer or any authorized motion filed in response to the petition, and any reply thereto.  Rules 1-5 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  Although objections to a Magistrate Judge's findings and recommendations may be appropriate in some instances, objections are not appropriate in the present case because the parties had consented to the jurisdiction of the Magistrate Judge to enter a final decision in the action.

Here, the parties have already filed the appropriate pleadings in this proceeding.  The time for filing opposition or other briefing on the merits of the petition has passed. Petitioner has not sought, and the Court has not granted, permission to file an unauthorized pleading.

Accordingly, it is ORDERED that Petitioner's unauthorized objections and opposition (Doc. 56) be STRICKEN from the record.

## II. Order Denying Request for Leave to File Notice of Appeal

In the last sentence of his objection and opposition, Petitioner renews his plea for a grant of habeas relief. (Obj. at 14.)  He then requests, "AND, IN NOT DOING SO, GRANT PETITIONER LEAVE TO FILE NOTICE OF APPEAL." (Id.)

The present habeas corpus proceeding, undertaken pursuant to 28 U.S.C. § 2241(c)(3), is a civil proceeding.  See, Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 269 (1978).  In a civil proceeding, a notice of appeal must be filed within thirty days after the entry of the pertinent judgment, order, or decree.  28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

The time limit in civil proceedings is extended by 28 U.S.C. § 2107(b) if the United States is a party:

> In any such action, suit or proceeding in which
> the United States or an officer or agency thereof
> is a party, the time as to all parties shall be
> sixty days from such entry.

28 U.S.C. § 2107((b).  Fed. R. App. P. 4(a)(1)(B) likewise provides:

> When the United States of its officer or agency is
> a party, the notice of appeal may be filed by any
> party within 60 days after the judgment or order
> appealed from is entered.

Fed. R. App. P. 4(a)(1)(B).

These provisions govern in civil actions involving grievances arising out of a governmental activity against officers of the United States where the officers 1) acted under

3

color of office or color of law or lawful authority, or 2) any party in the case is represented by a government attorney. Wallace v. Chappell, 637 F.2d 1345, 1348 (9th Cir. 1981) (applying Rule 4(a)(1)(B) in a suit against officers in their official and individual capacities brought by enlisted naval personnel pursuant to 42 U.S.C. § 1985 for racial discrimination). Further, it is established that Fed. R. App. P. 4(a) is applicable to habeas corpus proceedings. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 265 n.9 (1978); Pettibone v. Cupp, 666 F.2d 333, 334 (9th Cir. 1981). It has been recognized that the time for a petitioner to file a notice of appeal from a district court's denial of a petition brought pursuant to § 2241 to challenge the execution of a sentence is the sixty-day period provided for by Fed. R. App. P. 4(a)(1)(B). United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004).

    Here, the named Respondent is the warden of a United States penitentiary who in all pertinent respects was acting in his official capacity and under color of law and authority; further, review of the docket shows that the Respondent was represented by the Bureau of Prisons Regional Counsel and the United States Attorney's Office throughout the action. Petitioner proceeded pursuant to § 2241. Thus, the deadline for filing a notice of appeal would be sixty days after the entry of judgment.

    Judgment was entered on November 18, 2010. Accordingly, the sixty-day period for filing a notice of appeal has not yet run. Petitioner may file a notice of appeal during such period without

leave of Court.[1]

Accordingly, Petitioner's request for leave to file a notice of appeal is DENIED as moot.

IT IS SO ORDERED.

**Dated:  January 4, 2011**                /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] A certificate of appealability is not required to appeal the denial of a petition under § 2241. Forde v. United States Parole Commission, 114 F.3d 878, 879 (9th Cir. 1997).  This is because the plain language of § 2253(c)(1) does not require a certificate with respect to an order that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  Id.